## THE UNITED STATES vs. FRANK C. BERTELMANN.

### May 9, 1905.

Indictment for obtaining or attempting to obtain from another a valuable thing by the false pretense of being an officer or employe acting under the authority of a Collector of Internal Revenue of the United States. *23 Stat. L.,* 11.

*Proof Necessary for Conviction:* To convict, it must be proved beyond a reasonable doubt that defendant pretended to be an officer or employe acting under the authority of a Collector of Internal Revenue of the United States;—that such pretense was false;—that such false pretense was made with intent to defraud another;—that defendant, in such assumed character, defrauded or attempted to defraud another;—that such other person, relying on such pretense, gave to defendant a valuable thing.

*Presumption of Innocence and Good Character:* The fact that defendant is charged with this offense is not evidence against him, he being presumed to be innocent until he is proved to be guilty by competent and sufficient evidence, nor does it raise any presumption against his character as one of ordinary fairness.

*Preponderance of Evidence:*  To convict, more than a preponderance of evidence is required to overcome the presumption of innocence.

*Opportunity.—Probability.—Suspicion:*  Evidence showing opportunity or probability or raising suspicion, insufficient.

*Circumstantial Evidence:*  Circumstantial Evidence not inherently less reliable than other evidence.

*Consideration of the Evidence:*  Due consideration to be given to all of the evidence.

*Previous Decree of Divorce Showing Cruelty:*  Decree óf divorce against defendant on the ground of extreme cruelty, introducèd to attack his character and credibility, to be weighed with discretion, such decree having been rendered in an *ex parte* trial.

Criminal Law:  Indictmént under Act of April 18th, 1884,

(23 U. S. Stat. L., 11.)

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

J. W. Cathcart, and L. M. Straus, Counsel for Defendant.

CHARGE TO THE JURY.

Dole, J.  Gentlemen of the Jury:  The defendant in this case is indicted under an Act of Congress of April 18th, 1884. The testimony of the government is to the effect that he intended to defraud a person, falsely assuming or pretending to be an officer and employe acting under the authority of the Collector of Internal Revenue of the United States for the Collection District of Hawaii; and in such pretended character received from Mrs. Wilhelm Orth a certain valuable thing, to-wit, lodging, the said Mrs. Wilhelm Orth then and there believing the defendant to be an officer and employe acting under the authority of the Collector of Internal Revenue of the United States for the Collection District of Hawaii.

The law under which the defendant is indicted provides that a person, who with intent to defraud another person, falsely assumes or pretends to be an officer or employe, acting under the authority of the United States, or any department, or any officer of the government thereof, who shall in such pretended

character defraud or obtain of any person money, paper, document, or other valuable thing, shall be deemed guilty of a felony.

In order to convict the defendant you must answer the following questions in the affirmative: First, did this defendant assume or pretend to be an officer or employe acting under the authority of the Collector of Internal Revenue of the said United States? Second, was such assumption or pretense false? Third, did he make this false pretense or assumption with intent to defraud the said Mrs. Wilhelm Orth? Fourth, did he carry out this intent and in such assumed or pretended character and because thereof, did he defraud or attempt to defraud said Mrs. Wilhelm Orth? Fifth, did the said Mrs. Wilhelm Orth, relying on such assumption or pretense, and not otherwise, part with or give to the defendant valuable lodging? If the prosecution has failed to prove all or any one of these essential points, it is your duty to acquit the defendant.

If you find from the evidence in this case, beyond a reasonable doubt, that at the time and place and under the circumstances alleged in the indictment, this defendant assumed and pretended to be an officer or employe acting under the authority of the Collector of Internal Revenue of the United States for this District, and that said defendant, in such assumed or pretended character, received from Mrs. Wilhelm Orth any lodging; and if you further find that Mrs. Wilhelm Orth believed that the defendant was an officer and employe acting under the authority of the above-mentioned Collector of Internal Revenue, and because of that belief permitted the defendant to lodge in her house or to continue to lodge in her house; and if you further find that the defendant was not in fact an officer or employe acting under the authority of the above-mentioned Collector of Internal Revenue, but assumed and pretended to be such officer or employe for the purpose of defrauding Mrs. Orth of such lodging, then I charge you that it will be your plain duty to convict the defendant.

The fact that this defendant has been charged with this offense and that there is an indictment against him, is not evidence against him in any way. In spite of the indictment, the law presumes the defendant to be innocent until he shall have been proven guilty by competent and sufficient evidence, and in the absence of such evidence the law presumes, and you should find, that he is not guilty.

No one can be found to be guilty of a crime unless the evidence against him establishes his guilt beyond a reasonable doubt.

By a reasonable doubt is meant a doubt based on reason and which is reasonable in view of all the evidence, which is not a fanciful or conjectural doubt, but must impart such a condition of mind, after consideration of the evidence, that you cannot say that you are convinced or satisfied that the defendant is guilty as charged.

You cannot convict this defendant upon evidence merely showing a possible opportunity for the commission of the alleged offense, if there be any such evidence before you, nor can you convict him upon surmises, speculations and conjectures, nor can you convict this defendant upon suspicion, no matter how strong.

In all criminal cases the proof inculpating should be of a degree of certainty transcending mere probability, mere surmises, speculations and conjectures, and transcending strong suspicion. The evidence in a criminal case may, let it be assumed, create a strong suspicion, or it may create a strong probability that the defendant's complicity in the alleged crime is as charged, but I instruct you in plain terms that the law, in its wise and humane regard for the liberty of a human being, requires more than strong suspicion.

The duty rests upon the prosecution to prove the defendant guilty beyond all reasonable doubt, by evidence which shall exclude every reasonable hypothesis except the one of guilt.

I charge you that if, after an impartial consideration of the

entire evidence submitted to you, there lingers in your minds a reasonable doubt as to the guilt of the accused of the offense charged, you must acquit him; and, where the evidence is equally balanced, the decision must be in favor of the defendant, and you must acquit him. In other words, in the decision of a criminal case, something more than a preponderance of evidence is required to overcome the original presumption of innocence.

There must be an evil intent to constitute a crime, and it is not correct to say that such intent must be to violate the law. The question is, if the defendant did the thing charged, did he unlawfully intend to do the thing which he did do, and was that thing a violation of the law. An evil intent is an essential element of every crime. The statute does not contemplate the punishment of the innocent, but the deliberate commission of an unlawful act generally carries with it an unlawful intent. So it is sometimes said that the commission of an unlawful act presumes an unlawful intent. In this case it would do so.

There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct or positive testimony of an eye witness to the commission of the crime, and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, plans laid for the commission of the crime, such as putting himself in a position to commit it; in short, any acts, declarations, or circumstances, admitted in evidence tending to connect the defendant with the commission of the crime. There is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence.

If the evidence taken as a whole shall not satisfy you beyond a reasonable doubt, as already defined, that the defendant is guilty, you shall acquit him.

If, however, the evidence does satisfy you beyond a reasonable doubt that the defendant is guilty, your verdict must be guilty.

A criminal case involving much testimony and many facts should not be decided upon the probability or improbability of any one point singled out of the evidence, unless the settlement of such point is really decisive of the whole issue; but a safe decision requires due consideration to be given to all the evidence in the case.

Your verdict in this case should not be controlled by contradictions on minor points, should any such exist, provided the evidence taken as a whole, after making all due allowance for any such consideration, leads you to a fixed conclusion of the guilt of the defendant. If the evidence so taken shall not satisfy you beyond a reasonable doubt, as already defined, that the defendant is guilty, he should be acquitted. If, however, the evidence does satisfy you beyond a reasonable doubt, your verdict should be guilty.

It is your duty to come to a conclusion upon all the facts in evidence and the effect of all those facts, as you would conscientiously come to a conclusion upon any other set of facts or upon any other questions that might come before you in life.

You may, in deciding this case, properly exercise your own judgment and apply your own knowledge and experience in regard to the general subject of inquiry. In construing and applying testimony, you may make reasonable inferences and deductions. It is proper for you to apply to the facts proved your general knowledge as intelligent men. You should test the proof and weight of evidence and what it proves by your knowledge and judgment from experience, observation and reflection; and it is competent for you to use your knowledge of human nature and of the customs of society in your efforts to interpret, conduct and judge of its indications.

The law permits the defendant, at his own request, to testify in his own behalf. He has availed himself of this privilege.

His testimony is before you and you must weigh it. The deep personal interest he has in this case may be considered by you in weighing his evidence and in determining how far it is worthy of credit. The law allows a defendant to testify in his own behalf in a criminal case and the jury should receive and weigh and consider his evidence the same as that of any other witness, together with all the evidence in the case.

The evidence introduced in regard to the divorce of the defendant from his wife, the decree read before you making extreme cruelty the reason of such decree, the ground of such decree, is to be weighed by you if you consider it to go to his character and credibility, with discretion, because there being no defense in that cause, the decree has not the weight as to the charge of extreme cruelty that it would have if the divorce case had been defended by the defendant. It was a case heard, *ex parte.*

I charge you that furnishing a lodging to an applicant is a valuable thing.

I instruct you that the circumstance that this defendant is on trial for an alleged offense in nowise and in no degree raises any presumption, however slight, against his character as being one of ordinary fairness. The presumption of good character with which the law holds a defendant is one to which such defendant is entitled; and you have no right to ignore or disregard this presumption, or to deprive or deny the defendant the benefit of it.

A unanimous agreement of the jury is necessary to a verdict of guilty or not guilty.